| Fill in this information to identify your case: |
| --- |
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____ Chapter **11** |

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy     06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | **Biora Therapeutics, Inc.** |
| --- | --- | --- |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | **Progenity, Inc.** |
| 3. | Debtor's federal Employer Identification Number (EIN) | **27-3950390** |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
| --- | --- |
| **10070 Carroll Canyon Road<br>Suite 100<br>San Diego, CA 92131**<br>Number, Street, City, State & ZIP Code | <br><br>P.O. Box, Number, Street, City, State & ZIP Code |
| **San Diego**<br>County | **Location of principal assets, if different from principal place of business** |
| | Number, Street, City, State & ZIP Code |

| 5. | Debtor's website (URL) | **https://www.bioratherapeutics.com/** |
| --- | --- | --- |

6. Type of debtor

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Docusign Envelope ID: 3A4F7771-6A4A-40A0-A882-BA212160A374

Debtor    **Biora Therapeutics, Inc.**                                   Case number (*if known*) _____
          Name

**7. Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____**3254**_____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☑ No.
☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☑ No
☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____                    Relationship _____

Docusign Envelope ID: 3A4F7771-6A4A-40A0-A882-BA212160A374

| Debtor | **Biora Therapeutics, Inc.** | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

| | District | When | Case number, if known |
|---|---|---|---|

---

**11. Why is the case filed in this district?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

**■ Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☑ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☑ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☑ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Docusign Envelope ID: 3A4F7771-6A4A-40A0-A882-BA212160A374

| Debtor | **Biora Therapeutics, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    12/27/2024
           MM / DD / YYYY

X   *Richard Miller*                       **Richard Miller**
    Signature of authorized representative of debtor         Printed name

Title    **Chief Transition Officer**

**18. Signature of attorney**

X _____     Date   12/27/2024
    Signature of attorney for debtor                  MM / DD / YYYY

**David R. Hurst**
Printed name

**McDermott Will & Emery LLP**
Firm name

**The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 485-3900**     Email address   **dhurst@mwe.com**

**3743 DE**
Bar number and State

---

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy       

Docusign Envelope ID: 3A4F7771-6A4A-40A0-A882-BA212160A374

**WRITTEN CONSENT**
**OF**
**BIORA THERAPEUTICS, INC.**

December 26, 2024

———————————————————————

The undersigned, being the Special Committee (as defined below) of Biora Therapeutics, Inc., a Delaware corporation (the "Company"), in accordance with the Company's organizational documents and the laws of the State of Delaware, do hereby consent to, approve and adopt the following resolutions in lieu of a meeting effective as of the date hereof:

## Chapter 11 Filing

WHEREAS, the Company has considered presentations by its financial and legal advisors regarding the Company's liabilities and liquidity, the strategic alternatives available to the Company, and the effect of the foregoing on the Company's business;

WHEREAS, on November 26, 2024 the board of directors of the Company (the "Board"), adopted certain resolution, established a special committee (the "Special Committee"), and delegated to the Special Committee certain duties, powers, and authority;

WHEREAS, the Board, including the Special Committee, has had the opportunity to consult with the financial and legal advisors of the Company and to fully consider each of the strategic alternatives available to the Company; and

WHEREAS, the Board, including the Special Committee, has had the opportunity to consult with the financial and legal advisors of the Company and review chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and the preparation materials provided by the financial and legal advisors, and the Board recommends the adoption of these resolutions.

NOW, THEREFORE, BE IT RESOLVED, that in the business judgment of the Special Committee, it is desirable and in the best interests of the Company (including a consideration of its creditors and other parties in interest) that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

RESOLVED FURTHER, that any officer or director of the Company, or any other duly appointed officer or other person acting at the direction of the foregoing officers of the Company or the Board (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all actions that they deem necessary, proper, or convenient to obtain

Docusign Envelope ID: 3A4F7771-6A4A-40A0-A882-BA212160A374

such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and

RESOLVED FURTHER, that all acts and deeds previously performed by any of the Authorized Signatories or officers of the Company prior to the adoption of the foregoing recitals and resolutions that are within the authority conferred by the foregoing recitals and resolutions, are hereby ratified, confirmed and approved in all respects as the authorized acts and deeds of the Company.

## Retention of Professionals

WHEREAS, the Board, including the Special Committee, has considered presentations by the financial and legal advisors of the Company regarding the retention of such financial and legal advisors.

NOW, THEREFORE, BE IT RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to employ the law firm of McDermott Will & Emery LLP ("McDermott") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of McDermott;

RESOLVED FURTHER, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to employ the firm of Evora Partners, LLC ("Evora") to (a) provide Richard Miller, as Chief Transition Officer to the Company, (b) additional personnel and restructuring services to the Company in carrying out its duties under the Bankruptcy Code, and (c) take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of Evora;

RESOLVED FURTHER, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to employ the firm of MTS Partners, LP ("MTS") as investment banker to (a) represent and assist the Company in carrying out its duties under the Bankruptcy Code and (b) take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of MTS;

RESOLVED FURTHER, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to employ the firm of Kroll Restructuring Administration LLC ("Kroll") as claims, noticing, solicitation, and administrative agent to (a) represent and

2

Docusign Envelope ID: 3A4F7771-6A4A-40A0-A882-BA212160A374

assist the Company in carrying out its duties under the Bankruptcy Code and (b) take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed appropriate applications for authority to retain the services of Kroll;

RESOLVED FURTHER, that each of the Authorized Signatories be, and hereby is, with the power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## Cash Collateral, Debtor-in-Possession Financing, and Adequate Protection

WHEREAS, the Board has reviewed and considered presentations by the legal and financial advisors regarding the need for financing to fund the Chapter 11 Case and the postpetition credit facility, memorialized by in the DIP Loan Documents (as defined below);

NOW, THEREFORE, BE IT RESOLVED, that the Company will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which may be security for certain prepetition secured holders under that certain Amended and Restated Indenture, dated as of August 15, 2024 (the "Prepetition A&R Indenture") by and among the Company, as issuer, and GLAS Trust Company LLC, as trustee and collateral agent (the "Prepetition Trustee", and together with any holder, the "Prepetition Secured Parties"); and (b) the incurrence of debtor-in-possession financing obligations pursuant to the terms of that certain Debtor-in-Possession Term Sheet (together with any and all exhibits, schedules, and annexes thereto, the "DIP Loan Documents"), by and among, the Company, the lenders party thereto from time to time (the "DIP Lenders") and the agent thereto (the "DIP Agent," and, together with the Prepetition Trustee, the "Agents"), providing for (i) a senior secured postpetition new money term loan credit facility on a superpriority basis and (b) a roll-up of certain outstanding Notes under the Prepetition A&R Indenture (collectively, the "DIP Facility");

RESOLVED FURTHER, that in order to use and obtain the benefits of (a) the DIP Facility and (b) the use of Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain liens, claims, and adequate protection to the Prepetition Secured Parties and to the DIP Lenders to secure the obligations of the Company under the DIP Facility (the "DIP Obligations") as documented in proposed orders in interim and final forms (the "DIP Orders," and, collectively with the DIP Loan Documents, the "DIP Documents"), and submitted for approval to the Bankruptcy Court;

RESOLVED FURTHER, that the form, terms, and provisions of the DIP Orders to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Signatories of the Company be, and hereby are, authorized and empowered, in the name of and on behalf of the

Docusign Envelope ID: 3A4F7771-6A4A-40A0-A882-BA212160A374

Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Orders and the other DIP Documents, incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on the terms or substantially on the terms submitted to the Special Committee, with such changes, additions, and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

RESOLVED FURTHER, that the Special Committee has determined, after due consultation with the management and the legal and financial advisors of the Company, that it is desirable, necessary, and in the best interest of the Company's business and affairs and the Company's equityholders, creditors, and all other parties in interest that the Company execute, deliver, and perform the obligations under the DIP Loan Documents and the other DIP Documents, and consummate the transactions contemplated thereby, including any borrowings, the performance of any guarantees, and the granting of any security interests and liens, and the Company's execution and delivery of, and the incurrence and performance of its obligations in connection with the DIP Loan Documents, including the guarantee of the Obligations (as defined in the DIP Loan Documents) thereunder, and any other DIP Document to which it is a party, and the consummation of the transactions contemplated thereby or entered into in connection with the DIP Loan Documents, including, any borrowing by the Company under the DIP Loan Documents, are hereby, in all respects, authorized and approved;

RESOLVED FURTHER, that the form, terms, and provisions of the DIP Orders which the Company hereby authorized, are adopted, and approved, and each of the Authorized Signatories of the Company be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to negotiate or cause to be prepared and negotiated, and to take such actions necessary to execute, deliver, perform, and cause the performance of, each DIP Order and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents relating to the transactions contemplated thereby to which the Company is or will be a party, including, any security agreements, pledge agreements, guaranty agreement, assignment documents, notices, financing statements, mortgages, intellectual property filings, tax affidavits, fee letters, and other instruments as of the DIP Agent or requisite DIP Lenders may reasonably request or as may be necessary or appropriate to create, preserve, and perfect the liens of the Agents, purported or required pursuant to any of the transaction documents to be created in the Collateral (as defined in the DIP Loan Documents (or similar term defined therein)), such agreements with third parties (including bank agency agreements, lockbox agreements, control agreements, landlord agreements, and warehouse letters) relating to the Collateral, any swap contracts or hedging agreements and such other loan documents, guarantees, instruments, certificates and documents as may be reasonably requested by the DIP Agent, the requisite DIP Lenders, or as may be required by the DIP Orders, DIP Loan Documents, or any of the foregoing, with such changes, additions, and modifications thereto as any Authorized Signatory executing the same shall approve, such approval to be conclusively evidenced by such Authorized Signatory's execution and delivery thereof;

RESOLVED FURTHER, that the incurrence of the liabilities and obligations arising from each DIP Order and each DIP Document by the Company party thereto, (a) is necessary and

Docusign Envelope ID: 3A4F7771-6A4A-40A0-A882-BA212160A374

convenient to the conduct, promotion and attainment of the business of the Company and (b) may reasonably be expected to benefit the Company directly or indirectly;

RESOLVED FURTHER, that the Company, as a debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to incur the DIP Obligations, including the borrowing of the loans under the DIP Loan Documents and other obligations related to the DIP Facility, and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents, including granting liens on and security interests in its assets, including the Collateral, to the DIP Agent to secure such obligations (collectively, the "DIP Transactions");

RESOLVED FURTHER, that each of the Authorized Signatories of the Company, acting alone or with one or more other Authorized Signatories, be, and hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor-in-possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate to execute the DIP Transactions, including the negotiation, execution and delivery of (a) the DIP Documents, (b) such other instruments, certificates, notices, assignments, and other documents, including, any amendments to any DIP Documents, as may be reasonably requested by the Agents, and (c) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents, in the name of and on behalf of the Company, with such changes therein as shall be approve by the Authorized Signatories executing the same, with such execution by said Authorized Signatory to constitute conclusive evidence of their approval of the terms thereof, including any departures therein from any form presented to the Company;

RESOLVED FURTHER, that each of the Authorized Signatories of the Company, acting alone or with one or more other Authorized Signatories, be, and hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor-in-possession, to guarantee the DIP Obligations under the DIP Documents and to assign, transfer, pledge, and grant to each Agent, for the ratable benefit of the respective or applicable Secured Parties (as defined in the DIP Loan Documents (or similar term defined therein)), a security interest in all or substantially all the assets of the Company, as collateral security for the prompt and complete payment and performance when due of the DIP Obligations under the DIP Documents to which the Company is a party or which it is subject to and to take or cause to be taken any such actions as may be necessary, appropriate or desirable to cause the Company to create, perfect and maintain a security interest in the Company's property or assets constituting Collateral (as defined in the DIP Loan Documents (or similar term defined therein)) as described or contemplated in the DIP Documents;

RESOLVED FURTHER, that the Authorized Signatories be, and hereby are, authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions, whether existing now or in the future, in each case, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment, including the authorization of resolutions and agreements necessary to authorize the execution, delivery, and performance pursuant to the DIP Documents (including certificates, affidavits, financing statements, notices, reaffirmations,

Docusign Envelope ID: 3A4F7771-6A4A-40A0-A882-BA212160A374

amendments, and restatements thereof or relating thereto) as may be necessary, appropriate, or convenient to effectuate the purposes of the transactions contemplated therein;

RESOLVED FURTHER, that each of the Authorized Signatories of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to file, or to authorize the Agents to file, any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name the Company that the Agents deem necessary or appropriate to perfect any lien or security interest granted under the DIP Orders and the DIP Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the Agents may reasonably request to perfect the security interests of the Agents under the DIP Orders or any of the other DIP Documents;

RESOLVED FURTHER, that each of the Authorized Signatories of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including to pay all fees and expenses payable in accordance with the terms of the DIP Documents, to arrange for and enter into supplemental agreements, amendments, instruments, certificates, or documents relating to the transactions contemplated by any of the DIP Documents, and to execute and deliver all such supplemental agreements, amendments, instruments, certificates, or documents in the name and on behalf of the Company, which shall in their sole judgment be necessary, proper, or advisable in order to perform the Company's obligations under or in connection with any of the DIP Documents and the transactions contemplated therein (execution by such Authorized Signatory to constitute conclusive evidence of such judgment), and to carry out fully the intent of the foregoing resolution. The performance of any such further act or thing, and the execution of any such document or instrument by any of the Authorized Signatories of the Company pursuant to these resolutions, shall be conclusive evidence that the same have been authorized and approved by the Company in every respect; and

RESOLVED FURTHER, that each of the Authorized Signatories be, and hereby is, authorized to execute and deliver to the Agents, as applicable, and to perform the applicable Company's obligations under, all other documents, certificates, instruments, agreements and writings including any interest rate swaps, caps, collars, or similar hedging agreement and any financing statements (or amendments thereto) that may be contemplated by, or required in connection with, the DIP Documents, these resolutions, and the transactions described herein and therein, and to do all such acts and things as any person hereinafter authorized to execute such documents on behalf of the Company determines to be necessary or advisable in connection with or as contemplated by, or for the purpose of giving effect to, or carrying out the provisions of, the DIP Documents, such determination to be conclusively evidenced by such person's signature thereon or completion thereof, as applicable.

Docusign Envelope ID: 3A4F7771-6A4A-40A0-A882-BA212160A374

## General Resolutions

RESOLVED FURTHER, that the Authorized Signatories be, and each of them hereby is, authorized, empowered, and directed to execute, acknowledge, verify, deliver, and file any and all such other agreements, documents, instruments, and/or certificates and to take such other actions as may be necessary, proper, or appropriate in order to carry out the intent and purposes of any of the foregoing resolutions;

RESOLVED FURTHER, that the Board has received sufficient notices of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notices;

RESOLVED FURTHER, that each member of the Board and the Special Committee of the Company, as applicable, hereby irrevocably waives notice of the time, place, and purposes of a meeting and any adjournments thereof, to the extent such notice is required by the applicable organizational documents of the Company;

RESOLVED FURTHER, that any and all actions heretofore or hereafter taken and expenses incurred in the name of and on behalf of the Company by any officer, director or other Authorized Signatory of the Company in connection with or related to the matters set forth or contemplated by any of the foregoing resolutions be, and they hereby are, approved, ratified and confirmed in all respects as fully as if such actions had been presented to the Board for approval prior to such actions being taken;

RESOLVED FURTHER, that any Authorized Signatory is hereby authorized to certify to third parties with respect to adoption of any of the foregoing resolutions in the form and substance satisfactory to them;

RESOLVED FURTHER, that this written consent shall be added to the corporate records of the Company and made a part thereof, and the resolutions set forth herein shall have the same force and effect as if adopted at a meeting duly noticed, held, called, and constituted pursuant to the Company's organizational documents and the applicable laws of the State of Delaware; and

RESOLVED FURTHER, that this written consent may be executed in counterparts (including by means of electronic portable document format (PDF)), each of which shall be deemed an original and all of which, taken together, shall constitute one and the same instrument.

*[Signature page follows]*

Docusign Envelope ID: 3A4F7771-6A4A-40A0-A882-BA212160A374

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Special Committee of the Company, have each executed this Written Consent as of the date first set forth above.

**SPECIAL COMMITTEE OF BIORA THERAPEUTICS, INC.:**

DocuSigned by:

*Jeff Alter*

3C32E68F92DB48D...

Jeff Alter

DocuSigned by:

*Brian Kotzin M.D.*

2F84EE72737B497...

Brian Kotzin, M.D.

*[Signature Page to Written Consent]*

Docusign Envelope ID: 3A4F7771-6A4A-40A0-A882-BA212160A374

**Official Form 201A (12/15)**

*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# United States Bankruptcy Court
## District of Delaware

In re  **Biora Therapeutics, Inc.**                  Case No. _____

                                           Debtor(s)       Chapter   **11**

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  **0001580063** .

2. The following financial data is the latest available information and refers to the debtor's condition on ____.

a. Total assets           $                **17,980,000.00**

b. Total debts (including debts listed in 2.c., below)     $        **125,450,000.00**

c. Debt securities held by more than 500 holders:

| | | | | | | | Amount | Approximate number of holders: |
|---|---|---|---|---|---|---|---|---|
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ | 0.00 | 0 |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ | 0.00 | 0 |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ | 0.00 | 0 |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ | 0.00 | 0 |
| secured | ☐ | unsecured | ☐ | subordinated | ☐ | $ | 0.00 | 0 |

d. Number of shares of preferred stock          0          0

e. Number of shares common stock         4,522,871        0

Comments, if any:
**Shares are listed as of November 6, 2024. All other information is current as of October 31, 2024**

3. Brief description of Debtor's business:
**The Debtor is engaged in the research and development of specialized, highly innovative therapies that utilize a needle-free delivery of biotherapeutics.**

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**Jeffrey A. Ferrell**

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com

Docusign Envelope ID: 3A4F7771-6A4A-40A0-A882-BA212160A374

| Fill in this information to identify the case: | |
| --- | --- |
| Debtor name | **Biora Therapeutics, Inc.** |
| United States Bankruptcy Court for the: | **District of Delaware** |
| Case number (if known): | |

☐ Check if this is an
amended filing

## Official Form 204
## Chapter 11 or Chapter 9 Cases:
## List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders      12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.   Include claims which the debtor disputes.   Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).   Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| --- | --- | --- | --- | --- | --- | --- |
| 1. Wilmer Cutler Pickering Hale and Dorr LLP PO Box 7247-8760 Philadelphia, PA 19170-8760 | Michael J. Summersgill (617) 526-6261 michael.summersgill@wilmerhale.com | Professional Services | N/A | | | $12,424,693.47 |
| 2. The Bank of New York Mellon Trust Co. Corporate Trust Department PO Box 392013 Pittsburgh, PA 15251-9013 | Reginald Brewer (213) 630-6175 reginald.brewer@bny.com | 2025 Convertible Notes | N/A | | | $4,766,750.00 |
| 3. Lin Shen, Lingjun Lin and Fusheng Lin c/o Glancy Prongay & Murray LLP 1925 Century Park East, Suite 2100 Los Angeles, CA 90067 | Robert Prongay, Esq. (310) 201-9150 rprongay@glancylaw.com | Litigation Settlement | N/A | | | $1,000,000.00 |
| 4. Gibson Dunn & Crutcher LLP PO Box 840723 Los Angeles, CA 90084-0723 | Stewart McDowell (949) 451-3800 smcdowell@gibsondunn.com | Professional Services | N/A | | | $964,705.33 |
| 5. Southern District of New York Civil Frauds Unit 86 Chambers Street New York, NY 10007 | Jeffrey K. Powell (212) 637-2706 jeffrey.powell@usdoj.gov | Litigation Settlement | N/A | | | $895,863.09 |
| 6. U.S. Attorney's Office Southern District of California 880 Front Street, Room 6293 San Diego, CA 92101 | Joseph P. Price, Jr. (619) 546-7642 joseph.price@usdoj.gov | Litigation Settlement | N/A | | | $783,880.20 |
| 7. National Association of Attorneys General 1850 M Street NW, 12th Floor Washington, DC 20036 | Lynne Kurtz-Citrin (512) 936-1772 lynne.kurtz-citrin@oag.texas.gov | Litigation Settlement | N/A | | | $624,491.69 |
| 8. Intricon Corporation 1260 Red Fox Road Arden Hills, MN 55112 | Scott Drikakis (651) 604-9579 sdrikakis@intricon.com | Trade Vendor | N/A | | | $285,705.45 |
| 9. Donnelly Financial LLC PO Box 830181 Philadelphia, PA 19182-0181 | Mason Matthies (887) 769-5444 mason.matthies@dfinsolutions.com | Professional Services | N/A | | | $190,247.46 |

Docusign Envelope ID: 3A4F7771-6A4A-40A0-A882-BA212160A374

Debtor  **Biora Therapeutics, Inc.** _____    Case number *(if known)* _____
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| 10. Koninklijke Philips N.V. High Tech Campus 5 Eindhoven 5656AE Netherlands | Erik Pastink iplicensing@philips.com | Professional Services | N/A | | | $150,000.00 |
| 11. KPMG LLP PO Box 120922 Dept .0922 Dallas, TX 75312 | Gerry Schmidt (858) 750 7164 gschmidt@kpmg.com | Professional Services | N/A | | | $139,232.00 |
| 12. Gilero LLC 4319 S. Alston Avenue, Suite 100 Durham, NC 27713 | Tom Cassou (919) 595-8220 ar@gilero.com | Trade Vendor | N/A | | | $127,942.50 |
| 13. Care Research 6200 E. County Road 56 Fort Collins, CO 80524 | Melanie Apple (970) 493-0118 accounting@careresearchllc.com | Trade Vendor | N/A | | | $122,384.50 |
| 14. Pharmaron (San Diego) Lab Services LLC 436 Creamery Way, Suite 600 Exton, PA 19341 | Dave Neul (858) 337-3858 david.neul@pharmaron.com | Trade Vendor | N/A | | | $121,030.00 |
| 15. Murgitroyd & Company LTD 4721 Emperor Blvd., Suite 430 Durham, NC 27703 | Karen Winslade (919) 474-8300 karen.winslade@murgitroyd.com | Professional Services | N/A | | | $113,862.50 |
| 16. Eurofins Advantar Laboratories Inc. PO Box 11407 Dept. 2661 Birmingham, AL 35246-2661 | Elham Amini (858) 228-7780 elham.amini@bpt.eurofinsus.com | Trade Vendor | N/A | | | $110,298.75 |
| 17. Engent Inc. PO Box 538349 Atlanta, GA 30353-8349 | Sam Hogg (470) 902-9071 sam.hogg@engentaat.com | Trade Vendor | N/A | | | $101,143.64 |
| 18. LifeSci Advisors LLC 250 West 55th Street, 34th Floor New York, NY 10019 | Ryan Romaine (212) 915-3817 rromaine@lifescicapital.com | Professional Services | N/A | | | $84,754.00 |
| 19. Perkins Coie LLP PO Box 24643 Seattle, WA 98124-0643 | Linc S. Finkenberg (206) 359-8000 clientacct@perkinscoie.com | Professional Services | N/A | | | $82,802.94 |
| 20. Procopio Cory Hargreaves & Savitch LLP PO Box 511480 Los Angeles, CA 90051-8035 | Stephen Beuerle (619) 525-3816 stephen.beuerle@procopio.com | Professional Services | N/A | | | $78,329.32 |
| 21. CG Life c/o The Chempetitive Group, LLC 657 W. Lake Street Chicago, IL 60661 | Shahmir Jiwani (312) 997-2436 gaap@cglife.com | Trade Vendor | N/A | | | $74,575.00 |
| 22. Veryst Engineering LLC 47A Kearney Road Needham, MA 02494 | Matthew Hancock (718) 433-0433 mhancock@veryst.com | Professional Services | N/A | | | $63,767.50 |
| 23. Quadax Inc. 25201 Chagrin Blvd., Suite 290 Beachwood, OH 44122 | Christina Mulhall (216) 765-1144 christinamulhall@quadax.com | Trade Vendor | N/A | | | $63,000.00 |

Docusign Envelope ID: 3A4F7771-6A4A-40A0-A882-BA212160A374

Debtor   **Biora Therapeutics, Inc.** _____      Case number *(if known)* _____
       Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 24. UTC Properties LLC<br>PO Box 846963<br>Los Angeles, CA 90084-6963 | Teriann Nguyen<br>(949) 720-2684<br>officebilling6@irvinecompany.com | Real Property Lease | N/A | | | $59,997.23 |
| 25. Deloitte & Touche LLP<br>PO Box 844708<br>Dallas, TX 75284-4708 | Hiral Shah<br>(619) 232-6500<br>hiralshah@deloitte.com | Professional Services | N/A | | | $58,009.00 |
| 26. Oracle America Inc.<br>Bank of America Lockbox Services<br>15612 Collections Center Drive<br>Chicago, IL 60693 | Lea Miller<br>(877) 638-7848<br>lea.miller@oracle.com | Trade Vendor | N/A | | | $53,851.32 |
| 27. R & D Systems Inc.<br>614 McKinley Place NE<br>Minneapolis, MN 55413 | Claudia Harris<br>(612) 379-2956<br>claudia.harris@bio-techne.com | Trade Vendor | N/A | | | $53,632.65 |
| 28. Etogen Precision<br>c/o MCU Designs, Inc.<br>7558 Trade Street<br>San Diego, CA 92121 | Alex Okun<br>(858) 450-0990 ext. 111<br>ar@etogen.com | Trade Vendor | N/A | | | $49,476.68 |
| 29. Salesforce, Inc.<br>PO Box 203141<br>Dallas TX 75320-3141 | Matthew Brand<br>(415) 984-8567<br>mbrand@clarkhill.com | Trade Vendor | N/A | | | $45,000.00 |
| 30. Mewburn Ellis LLP<br>City Tower, 40 Basinghall Street<br>London, EC2V 5DE<br>United Kingdom | Elaine Chung<br>+44 (117) 945-1234<br>elaine.chung@mewburn.com | Professional Servies | N/A | | | $40,697.51 |

Docusign Envelope ID: 3A4F7771-6A4A-40A0-A882-BA212160A374

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Biora Therapeutics, Inc.,[1] | Case No. 24- [_____] (___) |
| Debtor. | |

**Corporate Ownership Statement**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the Debtor hereby files this corporate ownership statement and represents that no parent corporation or any publicly held corporation owns 10% or more of the Debtor's stock.

---

[1]    The last four digits of Biora Therapeutics, Inc.'s federal tax identification number are 0390. Biora Therapeutics, Inc.'s service address is 10070 Carroll Canyon Road, Suite 100, San Diego, CA 92131.

Docusign Envelope ID: 3A4F7771-6A4A-40A0-A882-BA212160A374

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Biora Therapeutics, Inc.,[1] | Case No. 24- [____] (___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS[2]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "Debtor") respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

☐ There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒ The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder).

| Name and Last Known Address | Kind/Class of Interest | Shares Held | Percentage of Interests Held |
|---|---|---|---|
| Armistice Capital LLC<br>510 Madison Avenue, 7th Floor<br>New York, NY 10022 | Common Stock | 372,671 | 8% |
| Athyrium Opportunities III Acquisition 2 LP<br>c/o Athyrium Capital Management, LP505<br>Fifth Avenue, 18th Floor<br>New York, New York 10017 | Common Stock | 302,383 | 6.69% |

---

[1]   The last four digits of Biora Therapeutics, Inc.'s federal tax identification number are 0390.  Biora Therapeutics, Inc.'s service address is 10070 Carroll Canyon Road, Suite 100, San Diego, CA 92131.

[2]   This list serves as the disclosure required to be made by the above-captioned debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

Docusign Envelope ID: 3A4F7771-6A4A-40A0-A882-BA212160A374

| | | | |
|---|---|---|---|
| Athyrium Opportunities III Co Invest 1 LP c/o Athyrium Capital Management, LP505 Fifth Avenue, 18th Floor New York, New York 10017 | Common Stock | 758,951 | 16.78% |
| Sabby Volatility Warrant Master Fund, Ltd 7012 Fisher Island Dr. Miami Beach 33109 | Common Stock | 372,671 | 8% |

Docusign Envelope ID: 3A4F7771-6A4A-40A0-A882-BA212160A374

| Fill in this information to identify the case: |
| --- |

Debtor name    **Biora Therapeutics, Inc.**

United States Bankruptcy Court for the:   District of Delaware

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐     *Schedule A/B: Assets—Real and Personal Property* (Official Form 206A/B)
☐     *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐     *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐     *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐     *Schedule H: Codebtors* (Official Form 206H)
☐     *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐     Amended *Schedule* _____
☑     *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑     Other document that requires a declaration    **Corporate Ownership Statement, List of Equity Security Holders, Form 201(A)**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___12/27/2024___    X ___*Richard Miller*___
DocuSigned by: Richard Miller
47B3EDF6785A4ED...
Signature of individual signing on behalf of debtor

**Richard Miller**
Printed name

**Chief Transition Officer**
Position or relationship to debtor