**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Biora Therapeutics, Inc.,[1] | Case No. 24-12849 (BLS) |
| Debtor. | **Related to Docket Nos. 56, 117** |

**NOTICE OF SALE, BIDDING PROCEDURES, AUCTION, SALE HEARING AND OTHER DEADLINES RELATED THERETO**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On January 6, 2025, the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case filed with the United States Bankruptcy Court for the District of Delaware (the "Court") a motion [Docket No. 56] (the "Motion") seeking entry of (A) an order (the "Bidding Procedures Order") (i) approving bidding procedures (the "Bidding Procedures")[2] to be used in connection with the sale (the "Sale") of all, substantially all, or a portion of the Debtor's assets (the "Assets"); (ii) designating the Stalking Horse Bidder; (iii) scheduling (a) an auction of the Assets (the "Auction") and (b) a final hearing to consider approval of the proposed Sale (the "Sale Hearing"); (iv) approving the form and manner of notice of the Bidding Procedures, the Auction and the Sale Hearing; (v) approving procedures for the assumption and assignment of executory contracts and unexpired leases (collectively, the "Contracts") in connection with the Sale; (vi) approving the form and manner of notice to each relevant non-debtor counterparty to a Contract of the Debtor's calculation of the amount necessary to cure any defaults under an applicable Contract and certain other information regarding the potential assumption and assignment of Contracts in connection with a Sale; and (vii) granting related relief; and (B) an order (the "Sale Order") (i) authorizing the sale of the Assets free and clear of all liens, claims, interests and encumbrances; (ii) authorizing the assumption and assignment of certain Contracts in connection with approved Sale; and (iii) granting related relief.

On January 27, 2025, the Court entered the Bidding Procedures Order [Docket No. 117].

---

[1] The last four digits of Biora Therapeutics, Inc.'s federal tax identification number are 0390. Biora Therapeutics, Inc.'s service address is 10070 Carroll Canyon Road, Suite 100, San Diego, CA 92131.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Motion or the Bidding Procedures, as applicable. Any summary of the Bidding Procedures or the Bidding Procedures Order (or any provision thereof) contained herein is qualified in its entirety by the actual terms and conditions thereof. To the extent that there is any inconsistency between any summary in this Sale Notice and the terms and conditions of either of the Bidding Procedures or the Bidding Procedures Order, the actual terms and conditions in those documents shall control.

**Assets for Sale**

The Debtor intends to sell all, substantially all, or a portion of its Assets.

A Prospective Bidder (as defined in Section III of the Bidding Procedures) may bid on the Assets, subject to the conditions set forth herein and in the Bidding Procedures.

The ability to undertake and consummate a sale of the Assets shall be subject to competitive bidding, as set forth herein, and approval by the Court. In addition to the Stalking Horse Bid (as defined in the Motion), and as set forth herein, the Debtor will consider bids for the Assets from other parties.

Any party interested in submitting a bid for any of the Debtor's Assets should contact the following individuals at MTS Health Partners, L.P. ("MTS"):

**MTS**
Attn: Daun Chung
Evan Matlin
chung@mtspartners.com
matlin@mtspartners.com

**Key Dates and Deadlines**

| | |
|---|---|
| **Three business days after the entry of the Bidding Procedures Order** | Deadline for Debtor to file and serve Sale Notice |
| **Four business days after the entry of the Bidding Procedures Order** | Deadline for Debtor to file and serve Assumption and Assignment Notice |
| **February 13, 2025, at 4:00 p.m. (prevailing Eastern Time)** | Sale Objection Deadline |
| **February 14, 2025, at 4:00 p.m. (prevailing Eastern Time)** | Cure Objection Deadline and Contract Objection Deadline |
| **February 17, 2025, at 4:00 p.m. (prevailing Eastern Time)** | Bid Deadline |
| **February 19, 2025, at 10:00 a.m. (prevailing Eastern Time)** | Auction |
| **One business day after the conclusion of the Auction** | Deadline for Debtor to file and serve Notice of Auction Results |
| **February 21, 2025, at 4:00 p.m. (prevailing Eastern Time)** | Supplemental Sale Objection Deadline and Adequate Assurance Objection Deadline |
| **February 24, 2025, at 12:00 p.m. (prevailing Eastern Time)** | Deadline to Reply to any Sale Objections or Supplemental Sale Objections |
| **February 25, 2025 at 1:30 p.m. (prevailing Eastern Time)** | Sale Hearing |

I. **Bid Deadline**

Any Prospective Bidder that intends to participate in the Auction must submit in writing to the Bid Notice Parties a Qualified Bid (as defined in Section VI.A of the Bidding Procedures) **on or before February 17, 2025, at 4:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline").

The Qualified Bid requirements are set forth in Section VI.A of the Bidding Procedures.

II. **Auction**

If the Debtor receives more than one Qualified Bid (including a combination of bids that, when considered together, constitute a Qualified Bid) for the Assets, the Debtor will conduct an Auction for the Assets. If the Stalking Horse Bid is the only Qualified Bid received with respect to the Assets subject to such Stalking Horse Bid, the Debtor will not conduct an Auction for such applicable Assets and will seek approval of the Stalking Horse Bid at the Sale Hearing.

The Auction, if required, will be conducted on **February 19, 2025 at 10:00 a.m. (prevailing Eastern Time)**, either (a) at the offices of McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, New York 10017, (b) at some other physical location to be determined by the Debtor, or (c) virtually or at such other date, time or location as designated by the Debtor, after consulting with the Consultation Parties. If the Debtor conducts the Auction virtually, the Debtor will provide instructions setting forth how to attend the Auction to the participants and other attendees via electronic mail. The Debtor will provide notice (via electronic mail or otherwise) of any change in the date, time or location of the Auction to Qualified Bidders, and will cause publication of such change to occur on the website maintained by Kroll Restructuring Administration LLC, the Debtor's claims and noticing agent in this chapter 11 case, located at https://cases.ra.kroll.com/biora/ (the "Kroll Website").

One business day after the conclusion of the Auction, the Debtor will file with the Court, serve on parties entitled to notice under Local Rule 2002-1(b), and cause to be published on the Kroll Website, a notice setting forth the results of the Auction (the "Notice of Auction Results"), which will (a) identify each Successful Bidder and Backup Bidder; (b) include summaries of the material terms of each Successful Bid and Backup Bid; and (c) set forth the Supplemental Sale Objection Deadline, the date, time, and location of the Sale Hearing and any other relevant dates or other information necessary to reasonably apprise the parties of the outcome of the Auction.

If the Debtor determines not to hold an Auction, the Debtor will file with the Court, serve on parties entitled to notice under Local Rule 2002-1(b), and cause to be published on the Kroll Website, a notice containing the following information, as applicable: (a) a statement that the Auction for the Assets has been canceled; (b) the identity of the Successful Bidder; (c) a summary of the material terms of the Successful Bid, including any assumption and assignment of Contracts contemplated thereby; and (d) the date, time, and location of the Sale Hearing.

III. **Objection Deadlines**

    A. Sale Objection Deadline. Except objections to the conduct of the Auction, all objections to a sale of the Assets, including (a) any objection to a sale of the Assets

3

free and clear of all liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code and (b) entry of any Sale Order (each such objection, a "Sale Objection") shall, by no later than **February 13, 2025, at 4:00 p.m. (prevailing Eastern Time)**, be filed with the Court and served on the Objection Notice Parties (as defined in Section X.D of the Bidding Procedures).

B. Supplemental Sale Objection Deadline. Following service of the Notice of Auction Results, parties may object solely with respect to the conduct of the Auction. Any Supplemental Sale Objection must be (a) in writing and state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof; and (b) filed with the Court by no later **February 21, 2025, at 4:00 p.m. (prevailing Eastern Time)** (the "Supplemental Sale Objection Deadline") and served on the Objection Notice Parties.

IV. **Sale Hearing**

The Sale Hearing shall take place on **February 25, 2025 at 1:30 p.m. (prevailing Eastern Time)** before The Honorable Brendan L. Shannon, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 N. Market Street, Wilmington, Delaware 19801, 6th floor, courtroom 1.

**Reservation of Rights to Modify Bidding Procedures**

The Debtor reserves the right to, in its reasonable business judgment, after consultation with the Consultation Parties (subject to Section XI.C of, and as defined in, the Bidding Procedures) and in a manner consistent with its fiduciary duties and applicable law, (a) modify the Bidding Procedures, including to, among other things, extend or waive deadlines or other terms and conditions set forth herein; (b) adopt new rules and procedures for conducting the bidding and Auction process so long as any such modifications are disclosed to all Prospective Bidders and Qualified Bidders, as applicable; or (c) otherwise modify the Bidding Procedures to further promote competitive bidding for and maximizing the of value of the Assets, in each case, to the extent not materially inconsistent with the Bidding Procedures or the Bidding Procedures Order.

**Additional Information**

Copies of the Motion, the Bidding Procedures Order and the Bidding Procedures may be obtained free of charge by visiting the Kroll Website located at https://cases.ra.kroll.com/biora/.

**FAILURE TO ABIDE BY THE BIDDING PROCEDURES, THE BIDDING PROCEDURES ORDER OR ANY OTHER APPLICABLE ORDER OF THE COURT ENTERED IN THE CHAPTER 11 CASE MAY RESULT IN THE REJECTION OF YOUR BID AND YOUR DISQUALIFICATION FROM PARTICIPATING IN THE BIDDING FOR AND AUCTION OF ANY OF THE DEBTOR'S ASSETS.**

**THE FAILURE OF ANY PERSON OR ENTITY TO FILE AND SERVE AN OBJECTION IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER, INCLUDING THE FAILURE TO FILE ANY SUCH OBJECTION BY THE APPLICABLE**

4

**OBJECTION DEADLINE, SHALL FOREVER BAR SUCH PERSON OR ENTITY FROM ASSERTING, AT THE SALE HEARING OR THEREAFTER, ANY SUCH OBJECTION TO THE RELIEF REQUESTED IN THE MOTION, THE CONSUMMATION OF ANY APPLICABLE SALE, INCLUDING THE SALE OF ANY ASSETS TO A SUCCESSFUL BIDDER FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO SECTION 363(f) OF THE BANKRUPTCY CODE OR THE TERMS OF THE STALKING HORSE APA OR OTHER ASSET PURCHASE AGREEMENT EXECUTED BY THE DEBTOR.**

| | |
|---|---|
| Dated: January 30, 2025<br>Wilmington, Delaware | */s/ David R. Hurst*<br>David R. Hurst (I.D. No. 3743)<br>Andrew A. Mark (I.D. No. 6861)<br>MCDERMOTT WILL & EMERY LLP<br>1000 N. West Street, Suite 1400<br>Wilmington, Delaware 19801<br>Telephone:   (302) 485-3900<br>Facsimile:   (302) 351-8711<br>Email:   dhurst@mwe.com<br>          amark@mwe.com<br><br>-and-<br><br>Jonathan I. Levine (admitted *pro hac vice*)<br>Lucas B. Barrett (admitted *pro hac vice*)<br>MCDERMOTT WILL & EMERY LLP<br>One Vanderbilt Avenue<br>New York, New York 10017<br>Telephone:   (212) 547-5400<br>Facsimile:   (212) 547-5444<br>Email:   jlevine@mwe.com<br>          lbarrett@mwe.com<br><br>-and-<br><br>Bradley Thomas Giordano (admitted *pro hac vice*)<br>Carmen Dingman (admitted *pro hac vice*)<br>MCDERMOTT WILL & EMERY LLP<br>444 West Lake Street, Suite 4000<br>Chicago, Illinois 60606-0029<br>Telephone:   (312) 372-2000<br>Facsimile:   (312) 984-7700<br>Email:   bgiordano@mwe.com<br>          cdingman@mwe.com<br><br>*Counsel to the Debtor and Debtor in Possession* |