# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| BIORA THERAPEUTICS, INC.,[1] | ) Case No. 24-12849 (BLS) |
| Debtor. | ) |

Objections Due: May 1, 2025 at 4:00 p.m. (ET)
Hearing Date: May 7, 2025 at 10:00 a.m. (ET)

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JANUARY 16, 2025 THROUGH MAY 7, 2025**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | Effective as of January 16, 2025, by Order entered on March 24, 2025 [Docket No. 206] |
| Period for which Compensation and Reimbursement is Sought: | January 16, 2025 – May 7, 2025 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $464,093.75[2] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $1,323.56 |
| Rates are Higher than those Approved or Disclosed at Retention? Yes __ No _X_ If yes, Total Compensation Sought Using Rates Disclosed in Retention Application: | No |
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $0.00 |
| Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $0.00 |

---

[1] The last four digits of Biora Therapeutics, Inc.'s federal tax identification number are 0390. Biora Therapeutics, Inc.'s service address is 10070 Carroll Canyon Road, Suite 100, San Diego, CA 92131.

[2] This amount includes compensation in the estimated amount of $30,000 through the hearing on the Debtor's motion to convert this chapter 11 case.

| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
|---|---|
| Number of Professionals Included in this Application: | 9 |
| If Applicable, Number of Professionals in this Application not Included in Staffing Plan Approved by Client: | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During this Period: | 2 |

This is a: ☐ monthly  ☐ interim  ☒ final application.

The total time expended for Final Application preparation is approximately 8.0 hours and the corresponding compensation requested is approximately $5,000.00.

**PRIOR APPLICATIONS FILED**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| None | | | | | |

## PSZJ PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Sandler, Bradford J. | Partner, 1996 | $1,895.00 | 39.90 | $75,610.50 |
| Mackle, Cia H. | Partner, 2006 | $1,175.00 | 27.10 | $31,842.50 |
| Litvak, Maxim B. | Partner, 1997 | $1,725.00 | 22.60 | $38,985.00 |
| Labov, Paul J. | Partner, 2002 | $1,595.00 | 98.70 | $157,426.50 |
| Labov, Paul J. | Partner, 2002 | $797.50 | 4.50 | $3,588.75 |
| Robinson, Colin R. | Counsel, 2001 | $1,325.00 | 4.70 | $6,227.50 |
| Brandt, Gina F. | Counsel, 1976 | $1,250.00 | 0.60 | $750.00 |
| Elkin, Judith | Counsel, 1982 | $1,725.00 | 37.10 | $63,997.50 |
| Corma, Edward A. | Associate, 2018 | $875.00 | 10.50 | $9,187.50 |
| Heckel, Theodore S. | Associate, 2018 | $1,225.00 | 20.20 | $24,745.00 |
| Bates, Andrea T. | Paralegal | $650.00 | 19.90 | $12,935.00 |
| Knotts, Cheryl A. | Paralegal | $575.00 | 0.80 | $460.00 |
| Yee, Karina K. | Paralegal | $625.00 | 0.30 | $187.50 |
| Cuniff, Patricia E. | Paralegal | $625.00 | 1.60 | $1,000.00 |
| Jeffries, Patricia J. | Paralegal | $650.00 | 2.70 | $1,755.00 |
| Paul, Andrea R. | Case Mgmt. Assistant | $495.00 | 2.50 | $1,237.50 |
| Bouzoukis, Charles J. | Case Mgmt. Assistant | $495.00 | 1.40 | $693.00 |
| Heckel, Audrey L. | Law Clerk | $495.00 | 7.00 | $3,465.00 |
| **Total** | | | **302.10** | **$434,093.75** |

**Total Fees:** $434,093.75
**Total Hours:** 302.10
**Blended Rate:** $1,436.92

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 65.80 | $106,419.50 |
| Bankruptcy Litigation | 1.20 | $1,590.00 |
| Case Administration | 23.30 | $21,819.50 |
| Claims Administration and Objections | 7.20 | $8,351.00 |
| Contract and Lease Matters | 1.60 | $2,082.00 |
| Financial Filings | 0.20 | $265.00 |
| Financing/Cash Collateral/Cash Management | 73.80 | $124,902.00 |
| First/Second Day Matters | 35.30 | $44,483.50 |

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| General Creditors' Committee | 13.10 | $20,675.00 |
| Hearings | 17.70 | $20,474.50 |
| Meetings of and Communications with Creditors | 1.50 | $1,517.50 |
| Operations | 9.00 | $13,427.00 |
| Other Professional Compensation | 0.40 | $614.00 |
| Other Professional Retention | 1.50 | $2,158.50 |
| Plan and Disclosure Statement | 24.30 | $40,807.50 |
| PSZJ Compensation | 11.40 | $8,565.00 |
| PSZJ Retention | 10.30 | $12,353.00 |
| Travel | 4.50 | $3,588.75 |
| **Total** | **302.10** | **$434,093.25** |

**EXPENSE SUMMARY**

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Auto Travel Expense | Amtrak, Shalom Taxi | $583.00 |
| Court Fees | USDC DE | $150.00 |
| Lexis/Nexis- Legal Research | | $196.27 |
| Pacer - Court Research | | $126.90 |
| Postage | | $12.24 |
| Reproduction Expense | | $168.50 |
| Working Meals | The Quoin Restaurant, Telegraph First | $86.65 |
| **Total** | | **$1,323.56** |

---

[3] PSZJ may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| BIORA THERAPEUTICS, INC.,[1] | ) Case No. 24-12849 (BLS) |
| Debtor. | ) |

**Objections Due: May 1, 2025 at 4:00 p.m. (ET)**
**Hearing Date: May 7, 2025 at 10:00 a.m. (ET)**

## FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JANUARY 16, 2025 THROUGH MAY 7, 2025

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules") and this Court's *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief*, entered on January 27, 2025 [Docket No. 110] (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), counsel for the official committee of unsecured creditors (the "Committee"), hereby submits its *First and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Official Committee of Unsecured Creditors for the Period from January 16, 2025 Through May 7, 2025* (the "Final Application").

By this Final Application PSZJ seeks (1) final compensation for the reasonable and necessary services rendered to the Committee in the amount of $434,093.75, reimbursement for

---

[1] The last four digits of Biora Therapeutics, Inc.'s federal tax identification number are 0390. Biora Therapeutics, Inc.'s service address is 10070 Carroll Canyon Road, Suite 100, San Diego, CA 92131.

actual and necessary expenses in the amount of $1,323.56 incurred and billed between January 16, 2025 and April 10, 2025, and (2) compensation in the estimated amount of $30,000 through the hearing on the Debtor's motion to convert this chapter 11 case, for a total allowance of $465,417.31 (the "Final Fee Period"). In support of this Application, PSZJ respectfully represents as follows:

**Background**

1.  On December 27, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The Debtor is authorized to continue operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  On January 16, 2025, the U.S. Trustee appointed the Committee to represent the interests of all unsecured creditors in this case pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee are: (i) Bio-Techne Corporation; (ii) The Bank of New York Mellon Trust Company, N.A.; (iii) Gilero; (iv) Eurofins Advanta Laboratories; and (v) Silverback Asset Management.[2] No request for the appoint of a trustee or examiner has been made in this chapter 11 case.

3.  On January 16, 2025, the Committee selected Pachulski Stang Ziehl & Jones LLP as counsel.

4.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5.  On January 27, 2025, the Court entered the Administrative Order, authorizing estate professionals ("Professionals") to submit applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative

---

[2] *See* Docket No. 62.

Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtor is authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending March 31, 2025, and at three-month intervals thereafter, each of the Professionals may file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

6. On March 24, 2025, the Court entered an order approving the Committee's retention of PSZJ as its bankruptcy counsel.

7. Attorneys retained pursuant to sections 327 or 1103 of the Bankruptcy Code must comply with certain requirements of the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases* (the "Revised UST Guidelines"). The Office of the United States Trustee has promulgated forms to aid in compliance with the Revised UST Guidelines. Charts and tables based on such forms are attached hereto as exhibits and filled out with data to the extent relevant to these cases: **Exhibit A**, Customary and Comparable Compensation Disclosures with Fee Applications; **Exhibit B**, Summary of Timekeepers Included in this Fee Application, **Exhibit C**, Staffing Plan; **Exhibit D-1**, Summary of Compensation Requested by Project Category; **Exhibit D-2**, Summary of Expense Reimbursement Requested by Category; and **Exhibit E**, Summary Cover Sheet of Final Fee Application.

8. The invoice for the period covering January 16, 2025 through April 10, 2025 is attached hereto as **Exhibit F**. PSZJ will provide a supplement through the date of the Hearing prior thereto. This statement contains daily time logs describing the time spent by each attorney and

paraprofessional during the Final Period. To the best of PSZJ's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order. PSZJ's time reports are initially handwritten or directly entered in the billing system, by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZJ is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZJ's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. To the extent it is feasible, PSZJ professionals attempt to work during travel.

9. A summary of the actual and necessary expenses incurred by PSZJ for the Fee Period is attached hereto as part of **Exhibit D-2**. PSZJ customarily charges $0.10 per page for photocopying expenses related to cases, such as this, arising in Delaware. PSZJ's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZJ summarizes each client's photocopying charges on a daily basis.

10. PSZJ charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZJ's calculation of the actual costs incurred by PSZJ for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZJ does not charge the Debtor for the receipt of faxes in this case.

11. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZJ charges the standard usage rates these providers charge for computerized legal research. PSZJ bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZJ is passed on to the client.

12. PSZJ believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZJ believes that such charges are in accordance with the American Bar Association's ("<u>ABA</u>") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**Summary of Services Rendered During the Final Period**

13. The names of the timekeepers of PSZJ who have rendered professional services in this case during the Final Period are set forth in the attached **Exhibit B**. PSZJ, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtor's case, and performed all necessary professional services which are described and narrated in detail below.

**Summary of Services by Project Rendered During the Final Period**

14. The services rendered by PSZJ during the Final Period can be grouped into the categories set forth below. PSZJ attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit D-1**.

**A.     Asset Disposition**

15.     During the Fee Period, the Firm, among other things: (i) reviewed and analyzed the bid procedures motion; (ii) corresponded with the Debtor's professionals regarding the sale process; (iii) conferred internally regarding strategy on the sale and performed legal research regarding same; (iv) reviewed the revised sale order; (v) reviewed various pleadings from precedent cases; (vi) corresponded with the Debtor regarding the asset purchase agreement for substantially all of the Debtor's assets; (vii) reviewed the US Trustee's objection to the sale motion; (viii) drafted a response to the US Trustee's objection to sale; (ix) prepared for the sale motion hearing, and (x) reviewed and commented on Debtor's request to sell de minimis assets.

Fees:  $106,419.50     Hours:  65.80

**B.     Bankruptcy Litigation**

16.     During the Fee Period, the Firm reviewed and filed a reply to the US Trustee's objection to the sale motion, and corresponded with Chambers regarding same.

Fees:  $1,590.00     Hours: 1.20

**C.     Case Administration**

17.     During the Fee Period, the Firm, among other things: (i) maintained a calendar of critical dates and deadlines; (ii) maintained a case service list; (iii) reviewed correspondence and pleadings and forwarded them to appropriate parties; and (iv) discussed, reviewed, and followed up on various open case issues.

Fees:  $21,819.50     Hours: 23.30

**D.     Claims Administration and Objections**

18.     During the Fee Period, the Firm, among other things: analyzed various claims and reviewed the Debtor's schedules and SOFAs.

Fees: $8,351.00    Hours: 7.20

E. **Contract and Lease Matters**

19. During the Fee Period, the Firm, among other things, reviewed the rejection motion and assumption notice filed by the Debtor and reviewed the Debtor's motion to allow directors and officers to utilize proceeds from their director and officer liability insurance policy.

Fees: $2,082.00    Hours: 1.60

F. **First/Second Day Matters**

20. During the Fee Period, the Firm, among other things: (i) reviewed and analyzed the first day declaration; (ii) analyzed various first day motions; and (iii) revised proposed second day orders.

Fees: $44,483.50    Hours: 35.30

G. **Financial Filings**

21. During the Fee Period, the Firm, reviewed the update regarding DIP adjournment, and scheduling moving forward.

Fees: $265.00    Hours: .20

H. **Financing/Cash Collateral/Cash Management**

22. During the Fee Period, the Firm, among other things: (i) corresponded with the Debtor and lenders regarding the term sheet; (ii) conferred internally regarding lien review memoranda and NOL's; (iii) reviewed final DIP order regarding challenge deadlines and conferred with Debtor's counsel regarding same; (iv) performed legal research on DIP issues; (v) conferred with Debtor and lenders regarding settlement; and (vi) corresponded with Debtor's financial advisor regarding budget.

Fees: $124,902.00    Hours: 73.80

**I.	General Creditors' Committee**

23.	During the Fee Period, the Firm, among other things: (i) corresponded with the Committee regarding bylaws and confidentiality issues; (ii) held various conferences with the Committee regarding DIP issues, settlement proposals and DIP term sheet.

	Fees: $20,675.50	Hours: 13.10

**J.	Hearings**

24.	During the Fee Period, the Firm, billed time to this category (i) preparing hearing materials; (ii) corresponding with the Debtor regarding status of sale hearing; and (iii) attending the sale hearing.

	Fees: $20,474.50	Hours: 17.70

**K.	Meetings of and Communications With Creditors**

25.	During the Fee Period, the Firm attended the 341(a) meeting of creditors and prepared notes regarding same.

	Fees: $1,517.50	Hours: 1.50

**L.	Operations**

26.	During the Fee Period, the Firm, among other things: (i) reviewed and analyzed the Debtor's critical vendor motion; (ii) drafted revisions to the proposed form of critical vendor order; (iii) drafted revisions to the critical vendor trade agreement; and (iv) reviewed the budget.

	Fees: $13,427.00	Hours: 9.00

**M.	Other Professional Compensation**

27.	During the Fee Period, the Firm, reviewed Ropes' and MWE's fee applications, and reviewed the supplemental changes made to the ordinary course professionals' motion.

	Fees: $614.00	Hours: 0.40

**N.** **Other Professional Retention**

28. During the Fee Period, the Firm, among other things: (i) interviewed possible financial advisors; and (ii) conferred internally regarding same.

               Fees: $1,201.50     Hours: .90

**O.** **Plan and Disclosure Statement**

29. During the Fee Period, the Firm, among other things: (i) conferred with the Debtor regarding a global proposal; (ii) reviewed case law on plan structure; (iii) researched issues relating to payments to unsecured creditors; (iv) conferred internally regarding gift plan research and conclusions; (v) reviewed case precedent regarding settlement; and (vi) reviewed and commented on Debtor's motion to convert the chapter 11 case to chapter 7.

               Fees: $40,807.50     Hours: 24.30

**P.** **PSZJ Compensation**

30. During the Fee Period, the Firm prepared the instant Application.

               Fees: $8,565.00     Hours: 11.40

**Q.** **PSZJ Retention**

31. During the Fee Period, the Firm, among other things: (i) drafted PSZJ's retention application; and (ii) conferred internally regarding same.

               Fees: $12,353.00     Hours: 10.30

**R.** **Travel**

32. During the Fee Period, the Firm, spent time travelling to and from Court regarding the sale hearing. Time spent was billed at 50% of the professional's hourly billing rate.

               Fees: $3,588.75     Hours: 4.50

**Requested Relief**

33. By this Application, PSZJ requests that the Court approve payment of one-hundred percent (100%) of the fees and expenses incurred by PSZJ during the Final Fee Period covering January 16, 2025 through April 10, 2025, plus compensation in the estimated amount of $30,000 through the date of Hearing.

34. At all relevant times, PSZJ has not represented any party having an interest adverse to these cases.

35. All services for which PSZJ requests compensation were performed for or on behalf of the Committee, and not on behalf of the Debtor, any other committee, creditor or other person.

36. PSZJ, and any partner, of counsel, or associate thereof, have received no payment and no promises for payment from any source other than from the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZJ and any other person other than among the partners, of counsel, or associates of PSZJ for the sharing of compensation to be received for services rendered in these cases.

37. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZJ is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZJ has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Final Application complies with such Rule and Order.

**Statement from PSZJ**

38.     Pursuant to the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under the United States Code by Attorneys in Larger Chapter 11 Cases*, PSZJ responds to the following questions regarding the Application:

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Final Application period? If so, please explain. | | No | |
| If the fees sought in this fee Final Application as compared to the fees budgeted for the time period covered by this Final Application higher by 10% or more, did you discuss the reasons for the variation with the client? | | N/A | |
| Have any of the professionals included in this Final Application varied their hourly rate based on the geographic location of the bankruptcy case? | | No | |
| Does the Final Application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | Yes | | Approx 8.0 hours were spent reviewing/revising invoices in connection with the preparation of this Final Application for an approximate total of $6,000 |
| Does this Final Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. | | No | |

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| If the Final Application includes any rate increases since retention in these Cases:<br>  i.   Did your client review and approve those rate increases in advance?<br>  ii.  Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? | | N/A | |

WHEREFORE, PSZJ respectfully requests that, for the period January 16, 2025 through May 7, 2025, a final allowance be made to PSZJ for compensation in the amount of $434,093.75, actual and necessary expenses in the amount of $1,323.56, and compensation in the estimated amount of $30,000 through the hearing on the Debtor's motion to convert this chapter 11 case, for a total allowance of $465,417.31 and that the Debtor be authorized and directed to pay to PSZJ the outstanding amount of such sums; and for such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: April 15, 2025 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | */s/ Bradford J. Sandler*<br>Bradford J. Sandler, Esq. (DE Bar No. 41420<br>Paul J. Labov, Esq. (admitted *pro hac vice*)<br>Cia H. Mackle, Esq. (admitted *pro hac vice*)<br>Theodore S. Heckel, Esq. (admitted *pro hac vice*)<br>919 N. Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email: bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>cmackle@pszjlaw.com<br>theckel@pszjlaw.com<br><br>*Counsel for the Official Committee of Unsecured Creditors* |

# DECLARATION

STATE OF DELAWARE : 
 : 
COUNTY OF NEW CASTLE : 

Bradford J. Sandler, after being duly sworn according to law, deposes and says:

a) I am counsel with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and am admitted to appear before this Court.

b) I am familiar with the legal services rendered by PSZJ as counsel to the Committee.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2, the Administrative Order signed on or about January 27, 2025 and submit that the Application substantially complies with such rule and orders.

*/s/ Bradford J. Sandler*
Bradford J. Sandler